**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROGER ANDERSON,**

                    **Plaintiff,**

      **v.**                                      **CASE NO. 12-3025-SAC**

**RAY ROBERTS, et al.,**

                    **Defendants.**

<u>**O R D E R**</u>

Plaintiff proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983, filed while plaintiff was incarcerated in a Kansas correctional facility. Plaintiff subsequently notified the court of his change of address which reflects plaintiff's release from confinement Plaintiff paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Pursuant to § 1915(b)(1), plaintiff is obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2), if he again becomes a "prisoner" as defined by 28 U.S.C. § 1915(h).

Because plaintiff initiated this action while he was incarcerated, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from

a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In the present case, plaintiff cites detainers lodged against him based on parole violation warrants in his Sedgwick County criminal cases 08-CR-3393 and 10-CR-2047.  Plaintiff contends Kansas Department of Corrections (KDOC) defendants should have cancelled these detainers pursuant to a state district court Journal Entry dated September 15, 2011, dismissing the warrants. Plaintiff alleges defendants acted negligently and willfully in not cancelling the detainers until December 14, 2011, which caused plaintiff to be denied

minimum custody for that three month period.[1] Plaintiff seeks damages for wrongfully being held in conditions posing a greater risk to his personal safety, and for the emotional and mental distress he suffered thereby.

To seek relief for the alleged denial of due process, a plaintiff must first plausibly establish that a defendant's actions deprived him of a property interest protected by the Due Process clause. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir.2000). In the context of prison life, the Supreme Court has held that such protected interests generally will be limited to restraint that "exceed[s] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

In the present case, plaintiff claims the Sedgwick detainers in his KDOC record prevented him from being held in minimum custody, and from participating in specific programming prior to his release.[2] However, even if the court were to assume error in the two Sedgwick County detainers remaining in plaintiff's KDOC record, the court finds plaintiff's three month confinement in medium custody is insufficient

---

[1] Plaintiff also claims defendants failed to follow KDOC procedures, but § 1983 provides no cause of action for the alleged violation of state regulations. *See Jones v. City & County of Denver*, Colo., 854 F.2d 1206, 1209 (10th Cir.1988)(§ 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

[2] Plaintiff's second motion for leave to file supplementary

to plausibly find plaintiff was subjected to any hardship so significant or atypical in relation to the ordinary incidents of prison life for the purpose of establishing a protected liberty interest in minimum custody placement.  Plaintiff's allegations thus fail to state a cognizable claim of constitutional deprivation.

The court further notes that plaintiff identifies no physical injury resulting from his medium custody confinement that would entitle plaintiff to the damages he seeks for mental or emotional distress.  *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").  Additionally, the Norton Correctional Facility, named as a defendant in the complaint, should be dismissed because the facility itself is not a legal entity subject to suit.  *See Aston v. Cunningham*, 216 F.3d 1086, 2000 WL 796086 at *4 n. 3 (10th Cir.2000)(unpublished) ("a detention facility is not a person or legally created entity capable of being sued").

### Notice and Show Cause Order to Plaintiff

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice.

Plaintiff's motion for summary judgment and motion for service evidence in support of his complaint is granted.

4

are denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion for leave to file supplementary material (Doc. 9) is granted, and that plaintiff's motion for summary judgment (Doc. 6) and motion for service (Doc. 8) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 10th day of July 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge